**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4179**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

KYTUEN J. SMITH, a/k/a Mitch, a/k/a Kyuten J. Smith,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:18-cr-00050-JPB-JPM-2)

Submitted: April 22, 2021                 Decided: April 26, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant. Stephen L. Vogrin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kytuen J. Smith pled guilty, pursuant to a plea agreement, to possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Smith to 110 months' imprisonment, and Smith now appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the Government committed prosecutorial misconduct by breaching Smith's plea agreement, whether Smith's sentence is reasonable, and whether trial counsel rendered ineffective assistance. Smith was advised of his right to file a supplemental brief, but he has not done so. We affirm.

On appeal, counsel first questions whether the Government breached the plea agreement by opposing application of an additional one-level adjustment to Smith's offense level under the Sentencing Guidelines for acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1(b) (2018). Because Smith did not assert that the Government breached the plea agreement before the district court, we review only for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). To prevail under this standard, Smith "must show that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87. Here, even assuming that Smith has demonstrated that the Government plainly breached the plea agreement, he has not established he was prejudiced by any such breach and therefore fails

to establish that the alleged breach affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 141-42 (2009).

Next, counsel questions the reasonableness of the sentence. We review Smith's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We have reviewed the record and conclude that the district court did not commit procedural error, and that Smith has failed to rebut the presumption that his sentence is substantively reasonable.

Finally, counsel questions whether Smith's trial counsel rendered ineffective assistance. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). "Because there is no conclusive evidence of

ineffective assistance on the face of this record, we conclude that [Smith's] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*